IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FRANK MAJOR,

    Plaintiff

VS.

MR. FORD,

    Defendant

NO. 5:06-CV-3 (CWH)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# O R D E R

On December 8, 2006, the defendant filed a MOTION FOR SUMMARY JUDGMENT against plaintiff FRANK MAJOR in the above-styled case (Tab #31), which is supported by a brief (Tab #32), a Statement Of Undisputed Material Facts (Tab #33), and the deposition of the plaintiff taken on September 7, 2006 (Tab #35). On December 11, 2006, the undersigned ordered plaintiff Major to respond to the defendant's motion within thirty days and warned the plaintiff that after the passage of forty-five days from the date of the order, the court would consider the defendant's motion. That time period has elapsed without any response by the plaintiff, and accordingly the defendant's motion is UNCONTESTED.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. **Hairston v. The Gainesville Sun Publishing Co.**, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. **Welch v. Celotex Corp.**, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. **Clark v. Coats & Clark, Inc**., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

**FACTS**

As stated above, the facts in a summary judgment proceeding must be taken in the light most favorable to the plaintiff, but since the plaintiff has failed to respond to the defendant's motion or contest the defendant's version of the facts, the only facts upon which the court can draw come from the plaintiff's deposition.

Plaintiff Major had worked in the kitchen at the prison for the three years prior to November 14, 2005. Deposition of Frank Major at 9 (Hereafter Depo. at __). He knew that the washroom floor at least occasionally became wet. Depo. at 14. The plaintiff also recognizes that wet floors can be dangerous and knew that the washroom crew sometimes did not clean up the wet floors or put up signs warning of wet floors. Depo. at 16.

The plaintiff claims that while he was working kitchen detail on November 14, 2005, he was instructed by his supervisor defendant FORD to go to the washroom to get more spoons. Depo. at 7. On the way back from the washroom, plaintiff Major slipped on a wet part of the floor and landed on his shoulder, resulting in a painful injury that might have been quite serious.[2] Depo. at 8. Major received medical treatment after the injury, but defendant Ford had no part in providing such treatment.

The plaintiff's sole complaint against defendant Ford is that Ford failed to make sure that the floor remained dry or failed to adequately warn the plaintiff that the floor was wet.

---

[2] The plaintiff has provided no evidence other than what he said at his deposition regarding how serious his injury was.

## DISCUSSION

The actions of this case establish, *at most*, that defendant Ford was negligent in not adequately tending to a wet floor.[3] A §1983 claim cannot be based on negligence. ***Daniels v. Williams***, 474 U.S. 327, 333-336. Accordingly, the defendant's MOTION FOR SUMMARY JUDGMENT is GRANTED with respect to all federal claims (i.e. deliberate indifference, due process, and conditions of confinement).

Additionally, defendant Ford has asserted the defense of qualified immunity, which shields government officials from suit in cases where they – acting in their official capacities – do not violate clearly established constitutional or statutory rights. Since there was no deprivation of a constitutional or federal statutory right, Ford is entitled to qualified immunity.

SO ORDERED this 2nd day of FEBRUARY, 2007.[4]



                                        CLAUDE W. HICKS, JR.
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] Even the matter of negligence is seriously questionable when dealing with a man who routinely worked in a kitchen that often had a wet floor and then complains that he was not adequately warned that the floor was wet. In addition, whether defendant Ford even had a duty to insure that the floor remain free of water is in question.

[4] All parties herein have consented for final disposition by the U. S. Magistrate Judge.